# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
### TERRE HAUTE DIVISION

| | |
|---|---|
| DANNY L. BRIDGEWATER and MICHAEL VANNESSE II, individually and on behalf of others similarly situated, | ) ) ) |
| | ) **CLASS ACTION COMPLAINT** |
| Plaintiffs | ) |
| | ) **FLSA COLLECTIVE ACTION** |
| | ) **COMPLAINT UNDER** |
| | ) **29 USC § 216(b)** |
| | ) |
| vs. | ) CASE NO. 2:16-CV-60-WTL-DKL |
| | ) |
| JADCORE, LLC, | ) |
| | ) |
| Defendant | ) |

### PLAINTIFFS' AMENDED COMBINED CLASS ACTION AND OVERTIME WAGE COLLECTIVE ACTION COMPLAINT FOR DAMAGES

Come now the Plaintiffs, Danny L. Bridgewater ("Bridgewater") and Michael VanNesse, II ("VanNesse"), by counsel, and for their Amended Class Action and FLSA Overtime Wage Collective Action Complaint against the Defendant, Jadcore, LLC ("Jadcore"), allege and say:

## I. STATEMENT OF THE CASE

Bridgewater and VanNesse bring this class and collective action lawsuit against Jadcore to address class-wide wage and hour violations committed by Jadcore against its employees. Bridgewater and VanNesse will serve as class representatives.

Specifically, Jadcore is, and has been underpaying its hourly-paid employees' wages on a systematic, class-wide basis as a result of an illegal time card rounding policy and practice. All hourly-paid Jadcore employees were similarly subjected to Jadcore's unlawful compensation scheme that required its hourly paid employees to perform, on an aggregate basis, significant work prior to

1

the scheduled start time of each shift, and to perform significant work after the scheduled end of each shift.  Jadcore has not been paying its employees for this additional work time.  To explain generally, Jadcore is using a non-neutral recordkeeping system which rounds work time entries only in Jadcore's favor and to its employees' detriment.  Jadcore's illegal time card rounding practices (non-neutral time card rounding) violate the FLSA and result in underpayment of compensation.  In the same way, Jadcore's illegal time card rounding practices result in the underpayment of wages, creating class-wide violations of the Indiana Wage Payment Statute, I.C. 22-2-5.

Bridgewater and VanNesse's class and collective action claims based upon Jadcore's illegal time card rounding practices are perfect for class treatment and will be easy to prove.  All of Jadcore's wage violations will be shown from a comparison of the face of Jadcore's pay stubs to employees and Jadcore's own time records for those same employees.

## II.  FACTUAL ALLEGATIONS

1.      Bridgewater is a resident of the State of Indiana, and is domiciled in Terre Haute, Vigo County, Indiana.  Bridgewater was first hired by Jadcore in approximately January of 2011. He continued his employment with Jadcore through October 27, 2015, when he was involuntarily terminated.  At all times during his official employment with Jadcore, Bridgewater was paid wages on an hourly basis and treated as a non-exempt employee.

2.      VanNesse is a resident of the State of Indiana, and is domiciled in Brazil, Clay County, Indiana.  VanNesse was first hired by Jadcore in approximately June 6, 2011, and worked on a full time basis until May 1, 2015, when he voluntarily terminated his employment to take another position.  At all times during his employment with Jadcore, VanNesse was paid wages on an hourly basis and treated as a non-exempt employee.

3.      Jadcore employed Bridgewater and VanNesse at its Terre Haute, Vigo County facility.

4.      For all of its hourly-paid employees, Jadcore used and uses an electronic time keeping system activated by each employee's use.  Using this system, the employee would record his/her actual time he/she began work for each shift and record the actual time the employee ends his/her  work each shift.  If Jadcore paid its non-exempt, hourly-paid employees' wages and overtime based upon these time clock entries, Jadcore would be in compliance with the FLSA and with Indiana wage statutes.

5.       Jadcore does not pay its employees' wages and compensation based upon actual entries on its own time records.

6.       Importantly, Jadcore does not record its non-exempt, hourly-paid employees' work time in any other way.  The only time records Jadcore has to base its payment of wages are the time records generated by the electronic system.

7.      Jadcore has created a policy and practice whereby it significantly adjusts downward and deducts time from its non-exempt, hourly-paid employees' time records and pays its employees for less than their full time worked.

8.      Based upon its long-standing policy and practice of manipulating and downwardly adjusting employee time records, Jadcore has been systematically underpaying its employees significant sums of wages on a daily basis.  The aggregate sum of unpaid wages for all employees based upon Jadcore's non-neutral (and self-serving) rounding policy is very substantial on a daily, weekly, and an annual basis.

9.       Jadcore's time rounding system or program is designed to always benefit Jadcore,

both at the beginning of each employee's shift and at the end of each employee's shift.  Jadcore pays its hourly employees for time worked in increments of one minute.  When an employee clocks in at the beginning of a work shift, the employee's time punch is rounded **up** to the nearest quarter hour.  For example, if an employee is scheduled to begin work at 7:00 a.m., but clocks in at 6:55 a.m., the employee's time record is rounded **up** to treat the employee as though she clocked in at 7:00 a.m.  However, when an employee clocks out at the end of his/her work shift, that employee's time is rounded **down** to the nearest one quarter of an hour.  As an example, if an employee is scheduled to finish work at 5:00 p.m., but actually clocks out at 5:14 p.m., that employee's time record is rounded **down** to treat the employee as though he/she clocked out at 5:00 p.m.

10.     Systematically, Jadcore rounds time off both ends of its employees' work shifts to benefit Jadcore and to harm employees.  Jadcore underpays wages to its employees by its use of this rounding system.  If employees were paid wages on a continuous work day basis - paid from actual time punch in to actual time punch out - employees would be paid more wages.  Moreover, even if Jadcore utilized a neutral time rounding system - where it rounds up to the nearest one-quarter of an hour as often as it rounds time entries down to the nearest one-quarter of an hour - employees would be paid more wages.

11.     Additionally, Jadcore has created policies that further ensure that Jadcore's time rounding system will work to Jadcore's advantage and its employees' detriment.  Jadcore also threatens discipline to any employee who reports to work late.  An employer also violates the Fair Labor Standards Act ("FLSA") if it creates a policy that allows time rounding when it benefits the employer, but results in discipline to the employee if rounding would not work to the employer's advantage.

4

12.     As described above, all of Jadcore's time rounding practices were performed to Jadcore's advantage and to the detriment and harm of Jadcore's employees.  Jadcore's time card rounding practices were not neutral.  Bridgewater and VanNesse were actually harmed and underpaid wages based upon Jadcore's implementation of its unlawful wage practices as described herein.

13.     Based upon information and belief, Plaintiffs conservatively estimate that Jadcore applied its unlawful time card rounding, as described herein, to the time records of approximately 200 or more hourly paid Jadcore employees.  Plaintiffs estimate that Jadcore has rounded its employees' time records in its own favor to such a degree that Jadcore failed to pay its employees for many hours of work that were reported to Jadcore in its time records during the period of time relevant to this lawsuit.  Plaintiffs estimate that Jadcore will owe a class-wide, cumulative total of at least tens of thousands of dollars in damages under the Indiana Wage Payment Statute based upon its systematic underpayment of wages caused by this illegal time rounding.

14.     With respect to the collective action claims for unpaid overtime under the FLSA, based upon information and belief, Plaintiffs conservatively estimate that Jadcore applied its unlawful time card rounding, as described herein, to the time records of its employees during weeks in which those employees also worked hours in excess of forty (40), causing unpaid overtime violations.  Bridgewater and VanNesse and many of their similarly situated Jadcore coworkers worked in excess of forty (40) hours during one or more calendar week in which they also were subjected to illegal time card rounding and not paid all of their overtime compensation.  Plaintiffs will need discovery to determine the number of weeks that FLSA opt-in Plaintiffs worked overtime

5

hours and were subjected to illegal time rounding to estimate monetary damages.[1]

15.     Jadcore has intentionally, knowingly, and systematically violated its employees' rights to earned wages through Jadcore's illegal time card rounding practices.  Jadcore has intentionally, knowingly, systematically violated Bridgewater, VanNesse and all similarly situated employees' rights to be paid earned wages and to be paid earned overtime compensation.  Jadcore deliberately and intentionally implemented a time card rounding system in order to pay less in wages to its employees than it owed and less than was reported and earned by the employees.

16.     In Bridgewater and VanNesse's cases, as has been true in the cases of many current and former Jadcore employees, Jadcore has failed and refused to make a payment of all accrued wages, particularly underpaid wages resulting from Jadcore's illegal and non-neutral time record rounding policies, and more than 20 days have passed since the last date Jadcore could have made payment of these wages without penalty under Indiana Law.

### III.  CLASS AND COLLECTIVE ACTION ALLEGATIONS

17.     Bridgewater and VanNesse incorporate herein by reference paragraphs 1 - 16 above.

18.     This Complaint is brought as a collective action and as a class action on behalf of other current and former Jadcore hourly-paid employees who were similarly denied payment of wages and overtime compensation under Jadcore's compensation scheme that involved the manipulation of time records and the failure to pay wages for work at the beginning and the end of Jadcore employees' shifts.

---

[1]

The actions of Jadcore may, as shown on the basis of the discovery to be done in this case, have also resulted in FLSA minimum wage violations. Should that information come to light, Plaintiffs, on behalf of themselves and others similarly situated, may proceed to further amend their Complaint to present that claim.

19.     This action is filed as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act, 29 USC § 216(b), on behalf of Bridgewater, VanNesse and all Jadcore current and former hourly-paid  employees who were damaged by Jadcore's compensation system which required and resulted in uncompensated work by Jadcore's employees.  By virtue of the "collective action," Bridgewater and VanNesse represent the identical and/or similar interests of former and current hourly-paid co-workers denied wages and overtime compensation under the same circumstance.  Bridgewater and VanNesse anticipate that other Jadcore employees and former employees will opt in to the action.

20.     With respect to FRCP 23(b)(3) class action claims, VanNesse will serve as class representatives over the following  class:

> VanNesse will serve as class representative for the class-wide claims brought under the Indiana Wage Payment Statute.  This Court has supplemental jurisdiction over VanNesse's Indiana statutory wage claim.  This action is filed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of VanNesse, and on behalf of all eligible Jadcore current and former hourly-paid employees (who voluntarily resigned) who were damaged by Jadcore's compensation system which systematically rounded time records to Jadcore's advantage and its employees' detriment and resulted in uncompensated work performed by the hourly-paid employees.  By virtue of the class action, VanNesse represents the identical and/or similar interests of former and current coworkers denied wages and overtime compensation under the same circumstances.

21.     The number of Jadcore's current and former employees who will be members of this collective action/class action is so great (numerosity) that joinder of all members is impractical. Instead, Bridgewater and VanNesse will pursue discovery to obtain the names of the other current and former Jadcore employees, to provide notice of the collective action, and to offer the opt-in opportunity, and to provide notice of the class action and to offer the opt-out opportunity.

22.     Particularly with the types of wage claims and practices at issue in this case, there

are questions of law and fact that are common to the entire collective group/class.

23.    Bridgewater and VanNesse's claims are typical of the claims of the whole collective group of current and former hourly-paid employees harmed by Jadcore's illegal time rounding and wage practices.  Bridgewater and VanNesse's claims are typical of the claims of the whole class of current and former Jadcore hourly-paid employees harmed by Jadcore's illegal time card rounding and corresponding wage practices.

24.    Bridgewater and VanNesse will act to fairly and adequately protect the interests of the entire collective group of current and former Jadcore employees.  Bridgewater and VanNesse will act to fairly and adequately protect the interests of the entire class of current and former Jadcore employees.

25.    A "combined"[2] collective action/class action is superior to other available means for the fair and efficient prosecution of these wage claims against Jadcore.  For example, to prove Jadcore's illegal wage practices, Bridgewater, VanNesse and other members of this collective group/class would seek in discovery records about all similarly situated current and former Jadcore employees who were similarly denied earned wages and overtime compensation under Jadcore's illegal and non-neutral time record rounding practices, all of which harmed hourly-paid employees. Individual lawsuits by the members of the collective group/class could lead to 1) inconsistent or varying outcomes in the cases, 2) duplicitous discovery, or 3) competition for limited funds. Further, as a practical matter, the first litigant to trial may achieve a result which would have bearing on all of the other individuals in the group.

26.    A determination regarding the "similarness" of those able to participate in the

---

[2]See *Ervin v. OS Restaurant Services, Inc.*, 632 F.3d 971, 973-974 (7th Cir. 2011)

collective action/class action would also allow litigation of claims that may not otherwise be cost effective, depending upon the amount of each individual group member's damages.  Particularly with the type of FLSA and Indiana statutory wage violations at issue in this litigation, some, if not most, of the individual group members may not be aware of their rights to their wages under the FLSA and Indiana law, or may not, because of financial means or experience, be in a position to seek the assistance of counsel to commence individual litigation.

27.     A combined collective action/class action will result in an orderly and expeditious administration of the group members' claims, and economies of time, court resources, effort and expense, and uniformity of decisions will be assured.

28.     Because Jadcore's compensation system which required and resulted in uncompensated work by hourly-paid employees results in wage violations that trigger issues of both federal and state law, this cause of action presents the ideal factual scenario supporting the Court's exercise over the supplemental state law claims, as common state and federal law issues predominate.

## IV.  JURISDICTION AND VENUE

29.     This Court has jurisdiction over Bridgewater and VanNesse's FLSA claims under 28 USC § 1331 as those FLSA claims raise a question of federal law.  See 29 USC § 201 et seq.   The Court has supplemental jurisdiction over Bridgewater and VanNesse's Indiana law claims, which have a common basis in fact with their own and the other Plaintiff class members' FLSA claims.

30.     This Court is the appropriate venue for this cause of action as Bridgewater and VanNesse worked for Jadcore at its Terre Haute, Vigo County, Indiana location and most of the illegal activity took place in the Southern District of Indiana.  28 USC § 1367.

## V. STATEMENT OF CLAIMS

### A. Fair Labor Standards Act Claims

31.     Bridgewater and VanNesse incorporate herein by reference paragraphs 1 through 30 above.

32.     Jadcore is an "enterprise" as that term is defined by the FLSA, and Jadcore is covered by the provisions of the FLSA.  Jadcore is an "employer," as that term is defined by the FLSA. Finally, Jadcore is a "person" as that term is defined by the FLSA.

33.     Jadcore has violated Bridgewater and VanNesse's rights and the rights of all members of the Plaintiff Class to be properly paid wages in a manner required by the FLSA. Jadcore has committed violations by failing to pay Bridgewater, VanNesse and their similarly situated coworkers for all hours of work, particularly as Jadcore has underpaid wages based upon its illegal and non-neutral time record rounding scheme.

34.     Jadcore has repeatedly violated the FLSA's overtime provisions by not paying Bridgewater, VanNesse and members of the Plaintiff Class at the required overtime compensation rate for all hours worked over 40 in a work week.

35.     Jadcore's failure to comply with the FLSA's provisions regarding payment of wages is willful and without justification, and subjects Jadcore to a three year statute of limitations.

36.     Bridgewater, VanNesse and the Plaintiff Class seek all available damages, including all unpaid wages, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which they may be entitled for Jadcore's violations of their rights under the Fair Labor Standards Act.

### B. Indiana Wage Payment Statute Claims (by Michael VanNesse II)

10

37.     VanNesse incorporates herein by reference paragraphs 1 through 36 above.

38.     VanNesse has statutory wage claims arising under the Indiana Wage Payment Statute, I.C. 22-2-5.  VanNesse represents the same or similar interests of all current Jadcore hourly-paid employees and all of Jadcore's former hourly-paid employees who voluntarily resigned from employment.

39.     By way of this Claim, VanNesse is seeking, individually and on behalf of members of the Plaintiff Class of current and former Jadcore employees, all available damages, including all unpaid wages, all underpaid wages, all available liquidated (treble damages), all attorney's fees, costs and expenses, plus any other damage to which VanNesse and his fellow Plaintiff Class members may be entitled pursuant to law.  Pursuant to I.C. 22-2-5-2, VanNesse is seeking, individually and on behalf of members of the Plaintiff Class, payment of unpaid wages, underpaid wages, plus all available damages, including, but not limited to, double the amount of wages due as an additional monetary damage, plus all attorney's fees, costs and expenses.

40.     VanNesse expressly alleges and asserts that Jadcore's deliberate and self-serving time rounding and underpayment of wages was done in bad faith.  This deliberate time rounding was definitely not a good faith attempt by Jadcore to comply with the Indiana Wage Payment Statute.

### C.  Indiana Wage Claims Statute Theory (by Danny L. Bridgewater)

41.     Bridgewater incorporates herein by reference paragraphs 1 through 36 above.

42.     Because Bridgewater was terminated from his employment with Jadcore, Bridgewater's wage claims are governed by the Indiana Wage Claim Statute, I.C. 22-2-9.

43.     Jadcore's failure to pay Bridgewater's wages in full and on time subjects Jadcore to penalties and damages under the Indiana Claims statute, I.C. 22-2-9, which incorporates the damages

provision of the Indiana Wage Payment Statute, I.C. 22-2-5-2.

44.     Bridgewater's undersigned counsel has been authorized by the Office of the Indiana Attorney General, as counsel for the Indiana Department of Labor, Wage and Hour Division, to bring this action on the part of Bridgewater, as the Indiana Attorney General's "designee". Bridgewater received this permission in a letter dated February 16, 2016.

45.     Jadcore is obligated to pay Bridgewater's reasonable attorney's fees, costs and expenses because Jadcore violated Bridgewater's rights under the Indiana Wage Claim Statute.

46.     Bridgewater expressly alleges and asserts that Jadcore's deliberate and self-serving time rounding and underpayment of wages was done in bad  faith.  This deliberate time rounding was definitely not a good faith attempt by Jadcore to comply with the Indiana Wage Claims Statute ( or the Indiana Wage Payment Statute).

## V.  PRAYER FOR RELIEF

WHEREFORE, Bridgewater and VanNesse respectfully request that the Court enter judgment against Jadcore, Inc., and issue all available relief to them and to all eligible members of the Plaintiff Class, including, but not limited to, the following:

1.     All damages available under the FLSA, including all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

2.     All unpaid, underpaid and illegally deducted wages;

3.     All statutory damages under I.C. 22-2-5-2, including, but not limited to, all liquidated/treble damages, costs, and statutorily authorized damages;

4.     All reasonable attorney's fees and expenses;

5.        Costs;

6.        Prejudgment interest, if available; and

7.        Any and all other relief just and proper in the premises.

HUNT, HASSLER, KONDRAS & MILLER LLP

By: \s\Robert F. Hunt
Robert F. Hunt
Attorney No. 7889-84
100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
Facsimile: (812) 234-2881
hunt@huntlawfirm.net

By: \s\Robert P. Kondras, Jr.
Robert P. Kondras, Jr.
Attorney No. 18038-84
100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
Facsimile: (812) 234-2881
kondras@huntlawfirm.net

### *CERTIFICATE OF SERVICE*

I hereby certify that on April 20, 2016, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Dana E. Stutzman
dstutzmant@hallrencer.com
Nicholas S. Johnston
njohnston@hallrender.com
Jarrod A. Malone
jmalone@hallrender.com

BY: \s\Robert F. Hunt
Robert F. Hunt, #7889-84

13