**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| DANNY L. BRIDGEWATER and | ) | |
| MICHAEL VANNESSE II, individually | ) | |
| and on behalf of others similarly situated, | ) | |
| | ) | **CLASS ACTION COMPLAINT** |
| Plaintiffs | ) | |
| | ) | **FLSA COLLECTIVE ACTION** |
| | ) | **COMPLAINT UNDER** |
| | ) | **29 USC § 216(b)** |
| | ) | |
| vs. | ) | CASE NO.  2:16-CV-00060-WTL-DKL |
| | ) | |
| JADCORE, LLC, | ) | |
| | ) | |
| Defendant | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE**
**DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant, Jadcore, LLC, by counsel, files its Answer and Affirmative Defenses to the Plaintiffs' First Amended Class Action and Collective Action Complaint.

*I.  STATEMENT OF THE CASE*

Plaintiffs' Statement of the Case is a rhetorical summary of their averments and allegations and no specific response is required.  Defendant, however, denies any alleged wrong doing in failing to pay wages for all hours worked when due under any federal law, state law, regulation or contract.

*II.  FACTUAL ALLEGATIONS*

1. Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments contained in the first sentence of paragraph 1 of the Amended Complaint

1

(i.e. residency and domicile). Defendant admits that Bridgewater was hired by Defendant, that Bridgewater continued his employment with Defendant through October 27, 2015 when he was involuntarily terminated, and that Bridgewater was paid wages on an hourly basis and treated as a non-exempt employee. Defendant denies all remaining averments contained in paragraph 1 of the Amended Complaint.

2.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments contained in the first sentence of paragraph 2 of the Amended Complaint (i.e. residency and domicile). Defendant admits the remaining averments contained in paragraph 2 of the Amended Complaint.

3.   Defendant admits the averments contained in paragraph 3 of the Amended Complaint.

4.   Defendant admits that it used and uses an electronic time keeping system activated by each employee's use.  Defendant denies all other averments contained in paragraph 4 of the Amended Complaint.

5.   Defendant admits that it pays its employees based on its own time records.  Defendant denies all other averments contained in paragraph 5 of the Amended Complaint.

6.   Defendant denies the averments contained in paragraph 6 of the Amended Complaint.

7.   Defendant denies the averments contained in paragraph 7 of the Amended Complaint.

8.   Defendant denies the averments contained in paragraph 8 of the Amended Complaint.

9.   Defendant admits that it properly pays hourly employees for time worked in increments of one-quarter of one hour (0.25) and that certain time records are "rounded." Defendant denies all other averments regarding the so called "rounding" contained in paragraph 9 of

the Amended Complaint and any other remaining averments set forth in paragraph 9 of the Amended Complaint.

10. Defendant denies the averments contained in paragraph 10 of the Amended Complaint.

11. Defendant admits that it previously created certain personnel and disciplinary policies. Defendant denies all other averments contained in paragraph 11 of the Amended Complaint.

12. Defendant denies the averments contained in paragraph 12 of the Amended Complaint.

13. Defendant denies the averments contained in paragraph 13 of the Amended Complaint.

14. Defendant denies the averments contained in paragraph 14 of the Amended Complaint, including the averments contained in footnote 1, which supplement paragraph 14 of the Amended Complaint.

15. Defendant denies the averments contained in paragraph 15 of the Amended Complaint.

16. Defendant denies the averments contained in paragraph 16 of the Amended Complaint.

### III.  CLASS AND COLLECTIVE ACTION ALLEGATIONS

17. Defendant incorporates all responses in answer to paragraphs 1 through 16 of the Amended Complaint.

18. Defendant admits that Plaintiffs bring this matter as a class and collective action. Defendant denies all other averments contained in paragraph 18 of the Amended Complaint.

19. Defendant admits that Plaintiffs bring this matter as a collective action under the Fair Labor Standards Act.  Defendant denies all other averments contained in paragraph 19 of the Amended Complaint.

20. Defendant denies the averments contained in paragraph 20 of the Amended Complaint.

21. Defendant denies the averments contained in paragraph 21 of the Amended Complaint.

22. Defendant denies the averments contained in paragraph 22 of the Amended Complaint.

23. Defendant denies the averments contained in paragraph 23 of the Amended Complaint.

24. Defendant denies the averments contained in paragraph 24 of the Amended Complaint.

25. Defendant denies the averments contained in paragraph 25 of the Amended Complaint.

26. Defendant denies the averments contained in paragraph 26 of the Amended Complaint.

27. Defendant denies the averments contained in paragraph 27 of the Amended Complaint.

28. Defendant denies the averments contained in paragraph 28 of the Amended Complaint.

## IV.  JURISDICTION AND VENUE

29. Defendant admits that the court has jurisdiction over the remaining federal claims and supplemental jurisdiction over factually related state law claims. Defendant denies all other averments contained in paragraph 29 of the Amended Complaint.

30. Defendant admits that venue is proper but denies all other averments in paragraph 30 of the Amended Complaint.

## V.  STATEMENT OF CLAIMS

### A.  Fair Labor Standards Act Claims

4

31. Defendant incorporates all responses in answer to paragraphs 1 through 30 of the Amended Complaint.

32. Defendant admits the averments contained in paragraph 32 of the Amended Complaint.

33. Defendant denies the averments contained in paragraph 33 of the Amended Complaint.

34. Defendant denies the averments contained in paragraph 34 of the Amended Complaint.

35. Defendant denies the averments contained in paragraph 35 of the Amended Complaint.

36. Defendant denies the averments contained in paragraph 36 of the Amended Complaint.

### B.  Indiana Wage Payment Statute Claims (by Michael VanNesse II)

37. Defendant incorporates all responses in answer to paragraphs 1 through 36 of the Amended Complaint.

38. Defendant denies the averments contained in paragraph 38 of the Amended Complaint.

39. Defendant denies the averments contained in paragraph 39 of the Amended Complaint.

40. Defendant denies the averments contained in paragraph 40 of the Amended Complaint.

### C.  Indiana Wage Claims Statute Theory (by Danny L. Bridgewater)

41. Defendant incorporates all responses in answer to paragraphs 1 through 40 of the Amended Complaint.

42. Defendant admits that Bridgewater was terminated from his employment but denies all other averments in paragraph 42 of the Amended Complaint.

43. Defendant denies the averments contained in paragraph 43 of the Amended Complaint.

44. Defendant lacks knowledge or information sufficient to form a belief about the truth of the averments contained in paragraph 44 of the Amended Complaint.

45. Defendant denies the averments contained in paragraph 45 of the Amended Complaint.

46. Defendant denies the averments contained in paragraph 46 of the Amended Complaint.

## V.  PRAYER FOR RELIEF

Based on the allegations contained in their Amended Complaint, Plaintiffs are not entitled to any relief and their claims should be dismissed with prejudice, costs awarded to the Defendant.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant sets forth the following affirmative defenses in response to the Amended Complaint.  Defendant, by stating its affirmative defenses, does not hereby assume any burden of proof that would otherwise rest with the Plaintiffs. Each of Defendant's affirmative defenses are asserted against each Plaintiff individually and all Plaintiffs collectively.

1.      Plaintiffs' Amended Complaint in whole or in part failed to state a claim upon which relief can be granted.

2.      Plaintiffs' claims are barred, in whole or in part, for failure to exhaust administrative remedies.

3.      Defendant appropriately paid Plaintiffs for all hours worked for Defendant.

4.      To the extent Plaintiffs assert claims under the Indiana Wage Claim Statute, the court lacks subject matter jurisdiction over such claims.

5.      Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

6

6.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches and unclean hands.

7.     Plaintiffs lack standing to assert some or all of the claims contained in the Amended Complaint.

8.     Plaintiffs have failed to appropriately mitigate their damages.

9.     Any and all actions and/or inactions Defendant took with respect to Plaintiffs were taken in good faith, in conformity with, and in reliance on written rulings or enforcement policies of the Administrator of the Wage and Hour Division of the Department of Labor and/or other state or federal government offices or agencies.

10.     Any and all actions or inactions Defendant took with respect to Plaintiffs were taken in good faith, without malice or reckless indifference, and with reasonable grounds to believe that Defendant's actions or inactions were not in violation of any state or federal law.

11.     Plaintiffs have not suffered any damages as a result of any action or inaction of Defendant.

12.     Assuming, arguendo, that Defendant violated the FLSA with respect to any of the Plaintiffs, any such violation was not the result of any common policy, plan or scheme.

13.     Plaintiffs and any others found to be similarly situated are not entitled to any relief under the FLSA because, to the extent they worked and were not compensated, they worked without the knowledge of the Defendant.

14.     Plaintiffs and any others found to be similarly situated are not entitled to any relief under the FLSA because the alleged work activities which form the basis of their claims, if they occurred, were *de minimis*.

15.     Defendant has acted without willfulness, in good faith and with reasonable grounds for believing that they are and were complying with all applicable provisions of state wage laws and the FLSA at all times.

16.     To the extent that Plaintiffs, or any others found to be similarly situated, are or were "exempt" employees within the meaning of the federal law, they are not entitled to any relief under the FLSA.

17.     Plaintiffs' claims as well of those of anyone found to be similarly situated are barred, or their damages should be reduced, to the extent they were paid extra compensation which is creditable towards, or a set-off against, the additional compensation sought in this action, pursuant to 29 U.S.C. § 207(h) or otherwise.

18.     Plaintiffs lack standing to sue on behalf of the purported members of the alleged class and collective group and this case is not appropriate for a class or collective action.

19.     To the extent that discovery reveals that Plaintiffs, or any employee found to be similarly situated, falsely reported their hours and there is no evidence that Defendant required the false reporting of hours; and no evidence that Defendant knew or should have known of the false information, or to the extent discovery reveals that Plaintiffs or anyone found to be similarly situated otherwise failed to follow Defendant's policy for reporting their hours, the doctrine of estoppel bars the claims.

20.     Plaintiffs' asserted FLSA violations are barred and/or overcome by the exceptions set forth in the Portal-to-Portal Act and related Department of Labor regulations.

21.     Defendant reserves the right to assert additional affirmative defenses based upon discovery.

WHEREFORE, Defendant respectfully requests that the Plaintiffs' Amended Complaint be dismissed in its entirety; that they take nothing by their Amended Complaint, and for all other proper relief.

Respectfully submitted,

_s/ Nicholas S. Johnston_
Dana E. Stutzman
Jarrod A. Malone
Nicholas S. Johnston
HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.
500 N Meridian St, Suite 400
Indianapolis, IN 46204-1293
(317) 633-4884
(317) 633-4878 (FAX)
E-mail: dstutzman@HallRender.com
            jmalone@HallRender.com
            njohnston@HallRender.com

ATTORNEYS FOR JADCORE, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2016, a copy of the foregoing *Defendant's Answer and Affirmative Defenses* was filed electronically. Notice of this filing will be sent to the following party(ies) by operation of the Court's electronic filing system. The party(ies) may access this filing through the Court's system:

> Robert F. Hunt
> Robert P. Kondras, Jr.
> 100 Cherry Street
> Terre Haute, IN 47807
> (812) 232-9691
> Facsimile: (812) 234-2881
> hunt@huntlawfirm.net
> kondras@huntlawfirm.net


   *s/ Nicholas S. Johnston*

Nicholas S. Johnston
HALL, RENDER, KILLIAN, HEATH & LYMAN, P.C.
500 N Meridian St, Suite 400
Indianapolis, IN 46204-1293
(317) 633-4884
(317) 633-4878 (FAX)
E-mail: njohnston@HallRender.com

ATTORNEY FOR JADCORE, LLC

10