# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DANNY L. BRIDGEWATER, and MICHAEL VANNESSE II, individually and on behalf of others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Cause No. 2:16-cv-60-WTL-MPB |
| JADCORE, LLC, | ) ) ) | |
| Defendant. | ) | |

## ENTRY REGARDING RENEWED MOTION FOR CLASS CERTIFICATION

This cause is before the Court on the Plaintiffs' Renewed and Amended Motion for Order of Initial Certification of FRCP Rule 23(b)(3) and FLSA 29 U.S.C. § 216(b) Collective Classes (Dkt. No. 39). The Defendant does not oppose the motion. The Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

With regard to the proposed class relating to the Plaintiff Michael VanNesse's claim brought pursuant to the Indiana Wage Payment Statute, the Court has reviewed the information provided by the Plaintiff in the amended motion and agrees with the Plaintiff that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied in this case and class certification therefore is appropriate. Specifically, the Plaintiff has demonstrated that all four requirements of Rule 23(a) are satisfied. With regard to numerosity, it appears that there are over 500 potential class members. Commonality and typicality are satisfied because VanNesse alleges that he and all other class members were subjected to a uniform practice that he alleges resulted in violation of the Wage Payment Statute, and there is nothing to suggest that VanNesse will not adequately represent the interests of the class. With regard to Rule 23(b)(3), VanNesse

has demonstrated that the issue of whether the Defendant's uniform policy violated the Wage Payment Statute predominates, making litigating the claims by class action superior to other means.

Finally, the Plaintiff has proposed an amended class definition that eliminates the concerns the Court had regarding the class definition that was originally proposed. Accordingly, the amended motion for class certification is **GRANTED** with regard to the Indiana Wage Payment Statute claim, and the following class is hereby certified:

> Present hourly paid Jadcore LLC employees who were hired and worked before September 25, 2016, and former hourly paid Jadcore LLC employees who (1) voluntarily terminated their employment; and (2) worked at any time from February 23, 2014, to September 25, 2016.

With regard to the proposed collective action class relating to the Plaintiffs' claim under the Fair Labor Standards Act, under the two-step process commonly used in this circuit, provisional certification is appropriate at the first step if the plaintiffs have made a modest factual showing that they and potential plaintiffs were victims of a common policy or plan that violated the law. *See, e.g.*, *Bradley v. Arc of N.W. Ind., Inc.*, No. 2:14-cv-204, 2015 WL 2189284, at *2 (N.D. Ind. May 11, 2015) (citing *Allen v. The Payday Loan Store of Ind., Inc.*, No. 2:13-cv-262, 2013 WL 6237852, at *1 (N.D. Ind. Dec. 3, 2013)); *see also Camilotes v. Resurrection Health Care Corp.*, 286 F.R.D. 339, 345 (N.D. Ill. 2012). Because the Plaintiffs have made such a showing here, the following collective action class is hereby certified:

> Present and former hourly paid Jadcore LLC employees who worked at any time from February 23, 2013, to September 25, 2016.

**Within 21 days of the date of this Entry**, the Defendant shall provide the Plaintiffs a complete list of the names, addresses, and email addresses of all persons who fall within the Rule 23 class set forth above, and a complete list of the names, addresses, and email addresses of all

persons who fall within the collective action class set forth above. Also **within 21 days of the date of this Entry**, proposed class notices and proposed Opt-In/Opt-Out forms shall be submitted to the Court for approval. The parties shall endeavor to agree upon joint submissions; if they are unable to do so, they shall each submit a proposal along with an explanation of why it is superior to the other side's proposal.

SO ORDERED: 4/24/17

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification